929 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas M. SANTORE, Plaintiff-Appellant,
v.
CARNATION COMPANY, Defendant-Appellee.
 No. 90-3563.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1991.
 
 On Appeal from the United States District Court for the Northern District of Ohio, No. 89-03987; Kreuzler, J.
 N.D.Ohio
 AFFIRMED.
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Thomas M. Santore, appeals the district court's grant of summary judgment to defendant-appellee, Carnation Co., for alleged violation of the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621, et. seq.
 
 I.
 
 2
 Plaintiff-appellant, Santore, was hired by defendant-appellee, Carnation Company, a manufacturer of grocery products marketed nationwide at the wholesale and retail level, as a territory sales manager on June 1, 1973. The duties he performed included visiting grocery stores within his territory to arrange displays and promotions of Carnation products, assisting these stores to order the optimal amount and variety of goods, insuring that each store was well-stocked with the Carnation products that it ordered, and removing recalled products from the shelves.
 
 
 3
 Although his work was generally evaluated as satisfactory, in October 1987 he received a written warning statement from his supervisor concerning several areas of dissatisfaction with his performance. As part of the warning procedure, Santore's supervisor discussed the improvements he wished him to make and advised him that disciplinary action, including termination, could occur if similar problems arose in the future.
 
 
 4
 In November 1987, Santore received his annual evaluation. Although his performance was rated as satisfactory in some areas, it was in need of improvement in other areas. In no area was his performance judged to exceed expectations. The comments regarding improvement echoed those of the October 1987 warning statement. In January 1988, Santore received another warning statement, concerning nonconformance to company procedures and untimely following of management instructions. As part of this warning, Santore was again advised that any recurrence of these or the earlier problems could lead to his job termination.
 
 
 5
 Following the second warning, several incidents occurred. Santore was scheduled to supervise the set-up of a display at a grocery store in Calcutta, Ohio in late January 1988. According to the store managers, Santore was not seen by them on that day, did not sign in as vendors usually do, and did not help with the set-up. According to Santore, he went to the store and was told that the person he needed to see was not in at that time. Without further inquiry, he left the store, but returned later and, not finding the person he was looking for, left again. He alleged he typically does not sign in when he visits stores. In early February 1988, Carnation received a notice from the Youngstown Municipal Court that Santore had been placed on the police pick-up list for failure to pay four delinquent parking tickets issued on the company car. Several days later on February 12, 1988, Santore was fired by defendant. Santore was 45 years old at the time of his discharge.
 
 
 6
 On October 28, 1988, Santore filed a complaint against Carnation in the United States District Court for the Northern District of Ohio, alleging that he had been terminated because of his age. Carnation moved for summary judgment. On May 23, 1990, the district court granted Carnation's motion for summary judgment. Plaintiff timely filed this appeal.
 
 II.
 
 7
 The Age Discrimination in Employment Act, 29 U.S.C. Sec. 623(a)(1) states, "It shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." The plaintiff employee bears the burden of proving a prima facie case of discrimination as well as rebutting any legitimate explanation for the discharge offered by the employer.
 
 
 8
 First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.
 
 
 9
 Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53, (1981) (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).
 
 
 10
 In the present case, the district court concluded that plaintiff had met his initial burden of presenting a prima facie case of age discrimination and that Carnation had introduced evidence of legitimate nondiscriminatory business reasons for terminating plaintiff's employment. Under the McDonnell Douglas test, the burden thus shifted back to the plaintiff to prove by a preponderance of the evidence that the reason given for his discharge was not the true reason for his termination, but rather a pretext. The district court concluded that plaintiff failed to submit probative evidence that Carnation's proferred reasons for discharge were pretextual.
 
 
 11
 After a careful review of the record, we find no error in the district court's factual findings or conclusions of law. We therefore AFFIRM the decision of the district court to grant Carnation Company's motion for summary judgment for the reasons stated in the district court's memorandum opinion of May 25, 1990.